IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANTHONY MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2275-B-BN |
| | § | |
| BRIAN PILANT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction and for Plaintiff Joanthony McGee's failure to prosecute and obey an order of the Court.

**Applicable Background**

On August 25, 2017, McGee, a resident of De Soto, Texas, filed a complaint against Brian Pilant, identified as employed by the Special Collections Unit of the Texas Attorney General's Office, concerning levies against bank accounts and other obligations related to McGee's alleged failure to make child support payments. *See* Dkt. No. 3.

Because that complaint as filed contained information that should have been

redacted under Federal Rule of Civil Procedure 5.2, including a social security number and a birth date, the Court, on August 27, 2017, ordered the complaint sealed and ordered McGee to file, no later than September 12, 2017, a redacted version of the complaint. *See* Dkt. No. 7. The same day, the Court entered an order regarding its subject matter jurisdiction, requiring McGee to file, no later than September 28, 2017, a written response to show the Court that it has subject matter jurisdiction over this lawsuit. *See* Dkt. No. 6; *see id.* at 3 (cautioning McGee that "[f]ailure to comply with this order will result in a recommendation that the complaint be dismissed for either lack of subject matter jurisdiction (under Federal Rule of Civil Procedure 12(h)(3)) and/or for failure to prosecute (under Federal Rule of Civil Procedure 41(b))").

McGee's redacted complaint was filed on September 11, 2017. *See* Dkt. No. 10. But he never responded to the Court's show cause order. And, as of today, it is almost one month past the deadline to do so.

**Legal Standards and Analysis**

<u>Subject Matter Jurisdiction</u>

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), particularly when – as is the case here – a plaintiff's complaint fails to make it apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because McGee chose to file

his lawsuit in federal court, it is his burden to establish federal jurisdiction. And if he does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

In the complaint filed on August 25, 2017, McGee failed to "affirmatively and

distantly" allege jurisdiction. For example, although he states that diversity jurisdiction exists, *see* Dkt. No. 3 at 1, it is apparent that complete diversity is lacking. Similarly, McGee did not allege that a federal law creates a cause of action against Pilant or that resolution of his claims turns on a substantial question of federal law. McGee instead alleges that this action concerns child support obligations and negotiable instruments. *See id.*

In the redacted version of the complaint, filed on September 11, 2017, McGee labels his factual allegations as also stating claims under provisions of the United States Constitution and, more substantively, under the Fair Debt Collections Practices Act (the "FDCPA"). *See* Dkt. No. 10 at 1.

Taking the FDCPA first, under the Act, "'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment," 15 U.S.C. § 1692a(5), and "courts have been unanimous in holding that child support payments are not a 'debt' covered by the act," *Campbell v. Baldwin*, 90 F. Supp. 2d 754, 757 (E.D. Tex. 2000) (collecting cases, including *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994) ("child support obligations" arise out of "administrative support order[s] issued by [state agencies]" and therefore "do not qualify as 'debts' under the FDCPA because they were not incurred to receive consumer goods or services" but instead were imposed "to force [parents] to fulfill their parental duty to support their children")). McGee may not therefore state a plausible claim

under the FDCPA concerning the child support obligations.

The remainder of McGee's "federal claims" are likewise not substantial. *See, e.g., Jolly v. Klein*, 923 F. Supp. 931, 941 (S.D. Tex. 1996) ("In the absence of diversity of citizenship, it is essential that a substantial federal question be presented to support jurisdiction." (citing *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974))); *Ayika v. Lopez*, No. EP-10-CV-456-KC, 2010 WL 5373877, at *2 (W.D. Tex. Dec. 21, 2010) ("Establishing federal question jurisdiction requires a 'substantial federal question.'" (quoting *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981))).

In this regard, it is well established that the mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction, because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans*, 415 U.S. at 536-37 (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation."); *Raymon*, 639 F.2d at 257 ("[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans*, 415 U.S. at 538-39)); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question

jurisdiction").

In sum, under either version of the complaint filed in this action, McGee has failed to "affirmatively and distantly" allege that this Court has subject matter jurisdiction.

<u>Failure to Prosecute</u>

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757

F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to explicitly respond to the Court's show cause order concerning subject matter jurisdiction [Dkt. No. 6], McGee has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as McGee decides to comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 12(h)(3) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE