IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOANTHONY MCGEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2275-B-BN |
| | § | |
| BRIAN PILANT, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by Plaintiff.

The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (the "FCR")

The FCR is correct that Plaintiff, through the versions of the complaint that he has filed, has failed to affirmatively and distinctly allege that subject matter jurisdiction exists over this action. But, through his objections to the FCR, Plaintiff arguably asserts that Defendant, alleged to be an individual state employee, violated Plaintiff's right to procedural due process as protected by the United States Constitution through the child-support liens imposed against Plaintiff. *See* Dkt. No. 12.

If Plaintiff does assert that claim, however, he has failed to allege a plausible claim that his

right to procedural due process was violated by, for example, not alleging that he first utilized "the state procedures available to him." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2016 WL 3361528, at *7 (N.D. Tex. Feb. 24, 2016) (granting a defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss a procedural due process claim based on child-support liens because, "[i]n order to bring a denial of [that] claim, a plaintiff must first utilize the state procedures available to him," and, there, the plaintiff's state-court lawsuit concerning an state agency determination was on appeal, and, further, the plaintiff did "not plead that he availed himself of his statutory right to administrative review of the child-support lien through Texas Family Code § 157.328" (citing *Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir. 1987); *Burns v. Harris Cty. Bail Bond Bd.*, 139 F.3d 513, 519 (5th Cir. 1998))).

Further, while a plaintiff may not amend his claims through an objection to a magistrate judge's findings, conclusions, and recommendation, because Plaintiff is proceeding *pro se*, the Court will grant him **14 days** from the entry of this order to file an amended complaint that affirmatively and distinctly alleges the subject matter jurisdiction of this Court.

SO ORDERED.

DATE: DECEMBER 5, 2017

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE